UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

UNITED STATES OF AMERICA

    -against-                                  **MEMORANDUM & ORDER**

MICHAEL BROWN,                      07-CR-874 (S-3) (KAM)

                Defendant.

----------------------------------X

**MATSUMOTO**, United States District Judge:

        On March 12, 2009, defendant Michael Brown ("defendant") was found guilty by a jury of Counts 1, 3, 4, 5, and 6 of an eleven-count, third superseding indictment. (*See* ECF No. 328, Jury Verdict as to Michael Brown, dated 3/12/2009; ECF No. 241, Superseding Indictment (S-3), filed 2/9/2009.) On September 10, 2009, defendant was sentenced to, *inter alia*, 120 months in custody. (*See* ECF No. 445, Transcript of Sentence, dated 9/10/2009 ("Tr."), at 50.) On January 14, 2011, the Second Circuit Court of Appeals affirmed defendant's conviction. *See United States v. Armstrong*, 406 F. App'x 500 (2d Cir. 2011). By motion filed November 1, 2011, defendant seeks a reduction of his sentence, pursuant to 18 U.S.C. § 3582(c), in light of Amendment 750 to the U.S. Sentencing Guidelines Manual and the Fair Sentencing Act of 2010. (ECF No. 589, *Pro Se* Petitioner's Petition for a Reduction of His Sentence, filed 11/2/2011.) For the reasons set forth below, defendant's motion is denied.

1

**BACKGROUND**

On March 12, 2009, defendant was convicted after a jury trial of conspiring to possess fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1), three counts of possessing five or more grams of cocaine base in or near a school, in violation of 21 U.S.C. § 860(a) and 841(a)(1), and one count of possessing a firearm in furtherance of the drug conspiracy, in violation of 18 U.S.C. § 924(c). (*See* ECF No. 328, Jury Verdict as to Michael Brown, dated 3/12/2009; ECF No. 241, Superseding Indictment, filed 2/9/2009.)

At the sentencing hearing held on September 10, 2009, the court reviewed the evidence presented at trial and made individualized findings of fact as to the scope of the conspiracy that was reasonably foreseeable to defendant. (*See* ECF No. 445, Tr. at 23-29.) Based on the evidence at trial, the court found by a preponderance of the evidence that "it was reasonably foreseeable to Mr. Brown that the conspiracy of which he was convicted dealt crack in amounts between 400 to 500 grams." (*Id.* at 29, 33.) Based on that quantity of cocaine base, the court calculated defendant's base offense level as 32, pursuant to sections 2D1.1(a) and 2D1.1(c)(4) of the U.S. Sentencing Guidelines Manual ("Guidelines" or "U.S.S.G.") in effect at the time of sentencing. (*Id.* at 33.) *See* U.S.S.G. §§ 2D1.1(a) and 2D1.1(c)(4) (2008) (providing for base offense

level of 32 for an offense involving at least 150 grams but less than 500 grams of cocaine base). After the multiple count calculation, the court found that defendant's total combined offense level was 32. (ECF No. 445, Tr. at 37.) In addition, the court calculated defendant's criminal history category as IV. (*Id.* at 38.) With a total offense level of 32 and a criminal history category of IV, defendant's custodial Guidelines range was 168 to 210 months. (*Id.* at 39.) *See* U.S.S.G. Sentencing Table. After considering the sentencing factors set forth in 18 U.S.C. § 3553(a), however, the court found that a sentence below the advisory Guidelines range would serve the goals of sentencing, and instead imposed a sentence of 120 months' imprisonment. (ECF No. 445, Tr. at 49-50.) The court noted that this sentence was consistent with 21 U.S.C. § 841(b)(1)(A)(iii), which at the time of defendant's crime and sentencing provided for a mandatory ten-year minimum term of imprisonment for offenses involving 50 grams or more of a mixture or substance containing cocaine base.[1] (*Id.* at 38, 49.)

---

[1] In his reply memorandum, defendant argues that the court departed downward by four levels, bringing his base offense level to 28. (ECF No. 598, *Pro Se* Petitioner's Reply to the Government's Response, filed 11/28/2011, at 2, 5.) With an offense level of 28 and a criminal history category of IV, defendant argues, his new Guidelines range of imprisonment was 110 to 137 months, and the court's sentence fell within that range. (*Id.*) The sentencing transcript and the Judgment imposed in this case, however, clearly reflect the court's express findings that the amount of cocaine base attributable to defendant was 400 to 500 grams, his base offense level was 32, and the applicable Guidelines range was 168 to 210 months. (*See* ECF No. 445, Tr. at 29, 33, 38.) The court's decision to impose a non-Guidelines sentence was a variance based on the court's respectful consideration of the factors set

On November 1, 2011, defendant filed a motion seeking a reduction of his sentence, pursuant to 18 U.S.C. § 3582(c), in light of Amendment 750 to the Guidelines and the Fair Sentencing Act of 2010. (ECF No. 589, *Pro Se* Petitioner's Petition for a Reduction of His Sentence, filed 11/2/2011.)[2] The government opposed defendant's motion by letter dated November 10, 2011. (ECF No. 591, Response in Opposition, filed 11/11/2011.) On November 17, 2011, the court held oral argument. (*See* Minute Entry, dated 11/17/2011.) Defendant filed a reply in support of his motion on November 28, 2011. (ECF No. 598, *Pro Se* Petitioner's Reply to the Government's Response, filed 11/28/2011 ("Def. Reply"), at 2, 5.) The Probation Department opposed defendant's motion in a Second Addendum to the Presentence Report, dated December 2, 2011. On December 8, 2011, defendant filed a motion for leave to supplement his reply. (ECF No. 600, *Pro Se* Petitioner's Motion For Leave To Supplement His Previously Filed Reply to the Government's Response, filed 12/8/2011.)[3]

---

forth in 18 U.S.C. § 3553(a), and not a downward departure under the Guidelines. (*See id.* at 49.)

[2] Defendant's motion was filed *pro se*. Although the court re-appointed defendant's trial counsel, Richard Willstatter, Esq., to represent him with respect to the instant motion, the court will afford defendant's motion the liberal construction intended for *pro se* litigants. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

[3] Defendant's motion for leave to supplement his reply is granted for the purpose of this Order and his supplemental submission is considered herein.

## APPLICATION

Title 18 U.S.C. section 3582(c)(2) provides, in relevant part, that a court may modify a sentence to reduce the term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." A reduction is warranted only when "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

As an initial matter, defendant is not eligible for relief under 28 U.S.C. § 3582(c)(2) because his sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," *id.*, but instead was based on the statutory mandatory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(A). *See United States v. Williams*, 551 F.3d 182, 185-86 (2d Cir. 2009) (denying motion for modification of sentence where the sentence was based on a mandatory minimum pursuant to 21 U.S.C. § 841(b)(1)); *United States v. Rivas*, No. 04-CR-0802-02, 2011 U.S. Dist. LEXIS 96253, at *1-2 (S.D.N.Y. Aug. 23, 2011) (same); *see also United States v. Torres*, 391 F. App'x 903, 905 (2d Cir. 2010) (denying motion under § 3582(c)(2) where defendant had been sentenced to the mandatory minimum, notwithstanding a retroactive amendment to Sentencing Guidelines relating to crack cocaine offenses); *United States v. Burkett*,

No. 03-CR-909, 2011 U.S. Dist. LEXIS 20920, at *4-5 (E.D.N.Y. Mar. 2, 2011) (same). This conclusion is supported by the commentary to Guidelines section 1B1.10, which provides that "[a] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement . . . [if] the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., *a statutory minimum term of imprisonment*)." U.S.S.G. § 1B1.10 cmt. n.1(A) (emphasis added). Thus, defendant's motion for a reduction in sentence must be denied.

Further, even if defendant had not been sentenced to the mandatory minimum term of imprisonment, he would not be entitled to a reduction in sentence pursuant to 18 U.S.C. § 3582(c) because Amendment 750 to the Guidelines does not change the Guidelines range applicable to defendant. Section 1B1.10 of the Guidelines sets forth the amendments that the Sentencing Commission has determined may be applied retroactively. It states, in relevant part:

> If a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in [U.S.S.G. § 1B1.10(c)], the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).

6

*Id.* § 1B1.10(a)(1). "In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and [U.S.S.G. § 1B1.10] is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendments to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced." *Id.* § 1B1.10(b)(1). If none of the amendments listed in section 1B1.10(c) applies to the defendant, however, a reduction in sentence is not authorized. *Id.* § 1B1.10(a)(2)(A).

At issue here is Amendment 750 to the Guidelines, which amended the offense levels applicable to offenses involving cocaine base and became retroactive as of November 1, 2011. *See id.* § 1B1.10(c) (2011) (listing Amendment 750 as a covered amendment that applies retroactively). Relevant here is the following change provided by Amendment 750: Under the earlier Guidelines in effect at the time of defendant's sentencing, a base offense level of 32 applied to offenses involving "at least 150 G but less than 500 G of Cocaine Base. *Id.* § 2D1.1(c)(4) (2008). Under the Guidelines effective as of November 1, 2011, however, a base offense level of 32 applies to offenses involving "at least 280 G but less than 840 G of Cocaine Base." *Id.* § 2D1.1(c)(4) (2011).

7

During the sentencing hearing, the court determined that defendant conspired to possess at least 400 grams of cocaine base. (*See* ECF No. 445, Tr. at 29, 33.) Under both the Guidelines in effect at the time of sentencing and the amended Guidelines in effect now, an offense involving 400 to 500 grams of cocaine base carries a base offense level of 32. *Compare* U.S.S.G. § 2D1.1(c)(4) (2008) *with* U.S.S.G. § 2D1.1(c)(4) (2011). Thus, because defendant does not benefit from the amended Guidelines, a reduction in sentencing is not authorized.

Moreover, defendant may not benefit from the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (2010) (codified as amended in scattered sections of 21 U.S.C. and 28 U.S.C.) ("FSA"), which amended the criminal code by increasing the amount of crack cocaine that triggers a mandatory minimum sentence pursuant to 21 U.S.C. § 841(b). As relevant to defendant, the FSA increased from 50 grams to 280 grams the threshold amount of cocaine base required to trigger the ten-year mandatory minimum sentence pursuant to 21 U.S.C. § 841(b)(1). *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2011).

The Second Circuit has held that the FSA does not apply retroactively. *See United States v. Diaz*, 627 F.3d 930, 931 (2d Cir. 2010) (per curiam); *see also United States v. Gadsden*, No. 10-1889, 2011 U.S. App. LEXIS 19939, at *3 (2d Cir. N.Y. Sept. 29, 2011) ("[W]e have expressly held that the FSA

does not apply retroactively to crimes committed prior to its enactment."); *United States v. Glover*, 398 F. App'x 677, 680 (2d Cir. 2010) (holding that mandatory minimum in effect at the time of the crime applies, despite subsequent congressional legislation increasing the quantity of crack cocaine required to warrant the mandatory sentence, because the FSA does not apply retroactively); *United States v. Acoff*, 634 F.3d 200, 202 (2d Cir. 2011) (per curiam) (same).  Thus, because defendant committed and was sentenced for his offenses prior to August 3, 2010, the effective date of the FSA, he cannot benefit from any changes to the threshold amounts of cocaine base required to trigger the mandatory minimum.[4]  In any event, the 400 to 500 grams of cocaine base that the court found attributable to defendant would be sufficient to trigger the ten-year mandatory

---

[4] While inapplicable to defendant, who was sentenced before the FSA became effective on August 3, 2010, the court notes that some courts have taken the position that the FSA does apply to defendants who were sentenced after August 3, 2010, regardless of when the offense was committed. *See, e.g.*, *United States v. Jacobs*, No. 3:08-CR-0211, 2011 U.S. Dist. LEXIS 126620, at *11 (D. Conn. Nov. 2, 2011) (finding the FSA applies to a defendant sentenced after August 3, 2010); *United States v. Douglas*, 644 F.3d 39 (1st Cir. 2011) (same); *United States v. Rojas*, 645 F.3d 1234, 1236 (11th Cir. 2011), *vacated and rehearing en banc granted by* 2011 U.S. Dist. LEXIS 20135 (11th Cir. Oct. 4, 2011) (same); *United States v. Dixon*, 648 F.3d 195, 203 (3d Cir. 2011) (same).  *But see United States v. Tickles*, Nos. 10-30852, 10-31085, 2011 U.S. App. LEXIS 21147, at *4 (5th Cir. 2011) (holding that FSA is not retroactive for defendants sentenced after August 3, 2010); *United States v. Fisher*, 635 F.3d 336, 338, 340 (7th Cir. 2011) (same); *United States v. Sidney*, 648 F.3d 904, 908 (8th Cir. 2011) (same).  In any event, because defendant committed the offenses and was convicted and sentenced prior to August 3, 2010, the FSA does not affect his sentence.  *See United States v. Deas*, Nos. 09-4675-cr, 09-5295-cr, 2011 U.S. App. LEXIS 19950, at *6 (2d Cir. Sept. 30, 2011) ("[E]ven assuming the Act applies to sentences imposed on or after its enactment on August 3, 2010, [petitioner's] sentence would be unaffected because he was sentenced in December 2009." (citing *Rojas*, 645 F.3d at 1234)).

minimum under both the prior and amended versions of the criminal code.

## CONCLUSION

For the foregoing reasons, defendant's motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c) is denied. Mr. Willstatter is requested to provide defendant with a copy of this Order and note service on the docket by December 14, 2011.

**SO ORDERED.**
Dated:     December 12, 2011
           Brooklyn, New York

                              _____/s/_____
                              KIYO A. MATSUMOTO
                              United States District Judge
                              Eastern District of New York