FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAR 27 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA | 07-CR-874 |
| --- | --- |
| – against – | Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2) for Resentencing |
| OSCAR RAY, | |
| Defendant. | |

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On September 21, 2010, Oscar Ray pled guilty to a single-count superseding information which charged that between August 8, 2007 and November 15, 2007, the defendant, together with others, conspired to distribute and possess with the intent to distribute fifty grams or more of crack-cocaine base into the United States in violation of 21 U.S.C §§ 841(a)(1) and 841(b)(1)(A) (2007).

Ray was originally sentenced on May 23, 2011. At that time, his conduct was subject to the mandatory-minimum sentences for offenses involving crack cocaine that were then-applicable. *See* Anti-Drug Abuse Act of 1986, Pub L. No. 99-570, § 1002, 100 Stat. 3207 (1986). A crime involving fifty grams or more of crack-cocaine being at issue, the ten year mandatory minimum sentence was imposed, along with five years' supervised release. *See* Statement of Reasons as to Oscar Ray, June 16, 2011, ECF No. 575. While a $100 special assessment was imposed, no fines were imposed because the defendant did not have any assets, and it was deemed unlikely that he would have any in the future to pay a fine. *Id.* The underlying information was dismissed by the court. *Id.*

Congress subsequently amended the mandatory minimum sentence for crimes involving crack cocaine in the Fair Sentencing Act of 2010 ("FSA"). *See* Fair Sentencing Act of 2010, Pub. L. No. 111–220, § 2, 124 Stat. 2372 (Aug. 3, 2010). Under the FSA, a five-year mandatory minimum sentence is imposed for offenses involving twenty-eight grams of crack cocaine, and a ten-year sentence for offenses involving 280 grams of crack cocaine. *Id.* Those "new, lower mandatory minimums . . . apply to the post-[FSA] sentencing of pre-[FSA] offenders." *Dorsey v. United States*, 132 S. Ct. 2321, 2335 (2010). Having been sentenced after enactment of the FSA, Ray can avail himself of the FSA's "more lenient penalties." *Id.* at 2331.

With the consent of defendant, the government moved on July 19, 2012 before the Court of Appeals for the Second Circuit to vacate Ray's sentence and remand the case for resentencing consistent with the FSA. *See* Motion For Remand For Resentencing, *United States v. Armstrong*, Nos. 11-2849 (L), 11-5241 (CON) (2d Cir. July 19, 2012). By a Mandate issued on November 28, 2012, the government's motion was granted and the case remanded for *de novo* resentencing. *See* Mandate, Nov. 28, 2012, ECF No. 681.

A resentencing hearing was held on March 6, 2013. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total adjusted offense level to be twenty seven and the defendant's criminal history category to be category II, yielding a guidelines range of imprisonment of between 78 and 97 months. *See* United States Sentencing Guidelines § 2D1.1(c)(6). A two point upward adjustment under the guidelines is necessary because the defendant possessed a firearm in connection with the offense. A minimum term of imprisonment of five years is required. 21 U.S.C. § 841(b). The offense carries with it a maximum term of imprisonment of forty years. *Id.* The guidelines range of fine is from $25,000 to $5,000,000 with a statutory maximum of $5,000,000. 21 U.S.C. § 841(b).

Ray was resentenced to a seventy two months imprisonment and five years supervised release. A special assessment of $100 was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to attempt to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Ray was arrested and convicted of attempted criminal sale of crack cocaine in the third degree at the age of twenty five. He was also arrested for assault at the same age, but that case was sealed and presumably dismissed.

Ray was involved in the instant conspiracy as a street-level drug seller with no managerial role. He possessed a handgun in furtherance of his drug activity. Although there is no evidence that he fired the weapon, the use of a gun in a housing project—filled with innocent bystanders—is extremely dangerous, regardless of its use with or independent of a drug crime. *See* Tr. of Crim. Cause for Resentencing Hr'g, Mar. 6, 2013, at 19-20 ("THE COURT: . . . he used that handgun in selling drugs. [DEFENDANT'S COUNSEL]: Well, that I agree with. . . .").

Consideration of gun possession in imposing a prison term is not double-counting even though a two point upward adjustment was utilized for having a gun in connection with the offense. *See* p. 3, *supra*. The defendant was not sentenced under the guidelines, but pursuant to section 3553 and under *Booker*.

Ray was raised by a single mother; he has spoken to his father only sparingly. With only a tenth-grade education, he has not held legal employment for much of his life and has worked in the illegal drug business since he was fifteen for the money it offers. The defendant is married

4

and has two children who currently reside with his wife, who works as an administrative supervisor at a private bus company. Ray shares close relationships with his siblings and wife. He expresses hope that, upon his release from prison, he can "start [his] life over, get a job, [and] take care of [his] kids." *Id.* at 14. He is remorseful for his actions. *Id.*

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that possession of dangerous and illegal firearms will result in extra prison time. Specific deterrence is achieved through incapacitation. Ray's family support and responsibilities should contribute to his avoiding future criminal activity.

Jack B. Weinstein
Senior United States District Judge

Dated: March 19, 2013
Brooklyn, New York

5